**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**LATRESSA BROWN-HANKS (01),**

**Defendant.**

**Case No. 22-20036-01-DDC**

**MEMORANDUM AND ORDER**

Defendant Latressa Brown-Hanks has filed a pro se[1] Motion to Reduce her sentence under Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines. Doc. 27. The government filed a Response. Doc. 30. The court lacks jurisdiction and dismisses Ms. Brown-Hanks's motion for the following reasons.

## I. Background

On November 2, 2022, Ms. Brown-Hanks entered a guilty plea (Doc. 16) to conspiracy to receive bribes as a public official and to providing prohibited objects to inmates of a federal prison, violating 18 U.S.C. § 371. On January 25, 2023, a federal probation officer prepared a Presentence Investigation Report (PSR). Doc. 20. Based on Ms. Brown Hanks's status as a public official, the PSR determined that Ms. Brown-Hanks had a base offense level of 14. *Id.* at 7 (PSR ¶ 28). The PSR added two points because the offense involved a bribe or extortion, and

[1] Because defendant proceeds pro se, the court construes her filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, defendant's pro se status does not excuse her from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

two points because the value exceeded $6,500 (but didn't exceed $15,000). *Id.* (PSR ¶¶ 29–30). The PSR added four more points because Ms. Brown-Hanks held a sensitive position as a public official. *Id.* (PSR ¶ 31). The PSR deducted three points because Ms. Brown-Hanks accepted responsibility and timely notified authorities of her intent to enter a plea. *Id.* at 8 (PSR ¶¶ 37–38). Based on the 2021 Guidelines Manual, Ms. Brown-Hanks had a total offense level of 19. *Id.* (PSR ¶ 39).

Ms. Brown-Hanks's criminal history produced zero criminal history points, establishing a criminal history category of I. *Id.* at 10 (PSR ¶¶ 49–50). In 18 U.S.C. § 371, Congress sets a maximum term of imprisonment of five years if a defendant is found guilty of conspiracy to receive bribes as a public official and provide prohibited objects to inmates of a federal prison. "Based upon a total offense level of 19 and a criminal history category of I, the guideline imprisonment range [was] 30 months to 37 months." *Id.* at 15 (PSR ¶ 75). The parties' binding plea agreement recommended a sentence at the advisory guideline range. Doc. 16 at 7–8 (Plea Agreement). On May 11, 2023, the court sentenced Ms. Brown-Hanks to imprisonment for 22 months and three years of supervised release. Doc. 25 at 2–3.

Ms. Brown-Hanks asserts that Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines applies to her May 2023 sentence and reduces her offense level by two levels. Doc. 27 at 1–4. The court addresses Ms. Brown-Hanks's motion, but first, recites the governing legal standard.

## II. Legal Standard

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

(1) on motion of the Director of the Bureau of Prisons or the defendant if defendant exhausted administrative remedies, if special circumstances exist;

(2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or

(3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). Ms. Brown-Hanks asks the court to modify her sentence based on the third circumstance—a subsequent change in the sentencing range. Doc. 27.

Effective November 1, 2023, Part B of Amendment 821 lowered the sentencing range by two levels for certain defendants with zero criminal history points. U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023). The amendment applies to a defendant who "meets all of the . . . criteria" in subsections (a)(1) through (a)(10):

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Id.* Even if a defendant satisfies each § 4C1.1 criterion, the court only may reduce a sentence if it "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A) (U.S. Sent'g Comm'n 2023).

**III. Analysis**

Here, Ms. Brown-Hanks qualifies as a zero-point offender and thus would qualify for a reduction in her criminal history score. Under Amendment 821, Ms. Brown-Hanks's offense level would drop from 19 to 17. Based on an adjusted total offense level of 17, her guideline sentence would decrease from 30–37 months to 24–30 months.

But Ms. Brown-Hanks still isn't entitled to a reduction. The court sentenced Ms. Brown-Hanks to 22 months' imprisonment, which is below the amended guideline range. Because Ms. Brown-Hanks's sentence "is less than the minimum of the amended guideline range," her request doesn't fall under 18 U.S.C. § 3582(c)(2). U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A) (U.S. Sent'g Comm'n 2023). The Guidelines Commentary illustrates this point. Specifically, Application Note 3 hypothesizes the following situation:

| | |
|---|---|
| Guideline Range applicable at sentencing: | 70 to 87 months |
| Defendant's actual sentence: | 56 months |
| Amended Guideline Range: | 51 to 63 months |

*Id.* at § 1B1.10(b)(2)(A) Application Note 3. The Application Note explains that the court may reduce the defendant's sentence "but [the court] shall not reduce it to a term less than 51 months[,]" *i.e.*, the bottom end of the Amended Guideline Range. *Id.* And yet, this forbidden result is necessarily what Ms. Brown-Hanks asks the court to do here.

The court sentenced her to serve 22 months in prison. So, to reduce her sentence by the minimum amount possible would result in a 21-month sentence. And 21 months is below the bottom end—24 months—of the amended guideline range. The court thus lacks authority to reduce Ms. Brown-Hanks's sentence. This conclusion means that the court thus lacks jurisdiction and must dismiss Ms. Brown-Hanks's motion (Doc. 27). *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that district courts should dismiss for lack of jurisdiction if defendant is ineligible for a sentence reduction under § 3582(c)(2)); *United States v. Hernandez*, No. 19-10002-02, 2024 WL 2955711, at *2 (D. Kan. June 12, 2024) (dismissing Amendment 821 motion to reduce sentence when the court already had sentenced defendant to minimum of amended guideline range).

## IV. Conclusion

The court lacks jurisdiction to grant Ms. Brown-Hanks's current motion. Thus, the court dismisses Ms. Brown-Hanks's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Brown-Hanks's Motion to Reduce Sentence (Doc. 27) is dismissed.

**IT IS SO ORDERED.**

**Dated this 19th day of July, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**